[No. 26441. *En Banc.* January 5, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Weyerhaeuser Timber Company, Respondent,* v. THE STATE TAX COMMISSION *et al., Appellants,* EDWARD B. RAMEY *et al., Respondents.*[1]

[1]Reported in 63 P. (2d) 494.

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellants.

*W. E. Heidinger,* for respondent.

MITCHELL, J.—The Weyerhaeuser Timber Company, a corporation, owned certain real estate, buildings, and machinery used in manufacturing wood pulp, in Snohomish county. The county board of equalization of that county, at its session in July, 1936, equalized the assessment and valuation of the property for that year according to law, from which action of the board no appeal was taken by the owner.

However, Edward B. Ramey, George L. Schaffer, and C. P. Koutlas, as residents and taxpayers in the county, purported or attempted to appeal to the tax commission of the state from the action of the county board of equalization by filing with the county auditor a notice of appeal. They, or either of them, were in no way the owners of any interest in the property involved.

The tax commission proceeded to entertain jurisdiction of the appeal and set the same for hearing at its office in Olympia. Thereupon, the Weyerhaeuser Timber Company filed, in the superior court of Thurston county, Washington, a petition for a writ of prohibition against the tax commission, alleging that it was without jurisdiction of the appeal, for the reason that Ramey, Schaffer, and Koutlas had no right of appeal from the order of the county board of equalization.

In response to an alternative writ, the tax commission appeared and filed a general demurrer to the petition. The demurrer being overruled, the tax com-

mission refused to plead further, and has appealed from a judgment prohibiting the tax commission from entertaining jurisdiction of the appeal from the order of the county board of equalization.

The statute, Rem. Rev. Stat., § 11092 [P. C. § 6874-6], says:

"Any taxpayer or taxing unit feeling aggrieved by the action of any county or township board of equalization may appeal to the tax commission by filing with the county auditor a notice of appeal. . . ."

The sum and substance of the argument on behalf of the appellant is that, where any taxable property within a given taxing district, such as a county, is assessed too low, each and all other owners of taxable property within the county have a grievance, since his or their tax burdens would be thereby correspondingly increased, carrying with it the right of appeal.

The statute is plain to the contrary. It says, as applied to this case, that *any taxpayer feeling aggrieved* by the action of the county board of equalization may appeal. There is nothing in the language inconsistent with the common and almost universal rule, applicable to statutes giving the right of appeal, that the right is confined to those aggrieved; that is, in this kind of case, to the taxpayer who is owner of the property involved in the record and who feels aggrieved. It is not sufficient that in other respects they belong to the same class of persons, that is, taxpayers; they must be parties to the record. The grievance must relate to an interest that is direct and of immediate pecuniary kind in the subject-matter, and not an interest that is indirect, remote or purely theoretical.

The three taxpayers, Ramey, Schaffer, and Koutlas, were not parties to the record before the county board of equalization, and, having no interest in the property

involved, had no right of appeal to the state tax commission.

The order of the superior court granting the writ of prohibition is affirmed.

ALL CONCUR.